IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BIS INDUSTRIAL SERVICES, INC.,

    Plaintiff,

v.                                                   CASE NO. 4:13cv119-RH/CAS

TWIN MARK MASSEY,
JOHN TODD ROBERTSON, and
JLM ADVANCED TECHNICAL
SERVICES, INC.,

    Defendants.

_____/

## ORDER SETTING A SCHEDULING CONFERENCE

The plaintiff has moved for a preliminary injunction. In order to promote the orderly and prompt resolution of the motion,

IT IS ORDERED:

1. By separate notice, the clerk must set a scheduling conference for March 15, 2013, at 10:00 a.m. Only matters of timing and procedure, not matters of substance, will be addressed at the conference. If any party files a request by 5:00 p.m. on March 14 for the conference to be conducted by telephone, it will be conducted by telephone. If the conference is conducted in person, an attorney for a

party may monitor the hearing by telephone, so long as at least one attorney for the same party attends in person.

2. The plaintiff's attorneys must attempt to learn the identity of the defendants' attorneys as soon as possible. The plaintiff's attorneys must provide to the defendants' attorneys, immediately upon learning their identity—or, if their identities are already known, immediately upon receipt of this order—copies of:

- the complaint,
- the motion and supporting papers,
- this order, and
- the clerk's notice of hearing.

Copies must be provided by the most expeditious feasible method and, if different, by the most reliable method. The plaintiff must serve copies of the papers listed above on the defendants by 3:00 p.m. on March 14, 2013, in the manner provided by law for service of process, if by that time the plaintiff's attorneys have not learned the identity of the defendants' attorneys.

3. The attorneys for all parties must confer prior to the scheduling conference in a good faith effort to reach agreement on the scheduling of a hearing on the motion for a preliminary injunction and on other procedural and substantive issues relating to the motion, including the need for live testimony and the admissibility of declarations.

4.  The attorneys for all parties may confer regarding the date of the scheduling conference.  It will be moved to another date available on the court's calendar if all parties agree.  The courtroom deputy clerk must cooperate with the parties on the availability of other dates.

SO ORDERED on March 13, 2013.

s/Robert L. Hinkle
United States District Judge

Case No.   4:13cv119-RH/CAS