IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BIS INDUSTRIAL SERVICES, INC.,

    Plaintiff,

v.                                     CASE NO. 4:13cv119-RH/CAS

MARK MASSEY,
JOHN TODD ROBERTSON, and
JLM ADVANCED TECHNICAL
SERVICES, INC.,

    Defendants.

_____/

## ORDER GRANTING A LIMITED PRELIMINARY INJUNCTION

The plaintiff BIS Industrial Services, Inc. ("BIS") has moved for a preliminary injunction against the defendants Mark Massey, John Todd Robertson, and JLM Advanced Technical Services, Inc. ("JLM"). This order grants the motion in part, as announced on the record of the hearing on March 21, 2013.

To obtain a preliminary injunction, BIS must establish that it has a substantial likelihood of success on the merits, that it will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be

adverse to the public interest.  *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

The findings announced on the record and confirmed by this order are based on the record as compiled to this point and apply solely for the purposes of the preliminary-injunction motion.  The evidence ultimately introduced at trial may warrant different findings.

The record to this point supports these findings.  BIS has established a likelihood of success on at least the claims that Mr. Massey and Mr. Robertson breached their duty of loyalty to BIS.  BIS has established a likelihood of success on the claim that JLM assisted the breach.  Part of the breach was advocating that an important BIS customer—Buckeye Technologies, Inc.—terminate its contract with BIS and request proposals for a new contract.  The goal was that that JLM would get the contract and that Mr. Massey and Mr. Robertson would become JLM employees, performing much the same work for JLM that they had performed for BIS, but now at higher pay.

Buckeye terminated the BIS contract and requested proposals.  BIS, JLM, and two others submitted proposals.  Buckeye has not announced a winner.

BIS asserts that a preliminary injunction should preclude JLM from accepting the contract and should preclude Mr. Massey and Mr. Robertson from

working on the Buckeye site.  Such a preliminary injunction would be proper only on a showing that (1) the defendants' breach of duty caused Buckeye to terminate the BIS contract and issue the request for proposals, and (2) an award of the contract to JLM would cause irreparable harm to BIS.  BIS has not carried its burden on these issues.

BIS also asserts that a preliminary injunction should bar the use of information that Mr. Massey and Mr. Robertson took from BIS during their employment.  The defendants offer little resistance; they do not claim any right to use material that Mr. Massey and Mr. Robertson took from BIS during their employment.  BIS has met the four prerequisites to issuance of a preliminary injunction to this extent.

This order does not condition this limited injunction on the posting of security.  The defendants are unlikely to suffer any damage from the preliminary injunction, even if later determined to be wrongful.  If the defendants assert security should be required, they may file a motion so requesting.

For these reasons,

IT IS ORDERED:

1.	BIS's motion for a preliminary injunction is GRANTED IN PART and DENIED IN PART.

Case No.   4:13cv119-RH/CAS

2. JLM, Mr. Massey, and Mr. Robertson must return to BIS any original or copy in their possession or control of any paper removed from the possession or control of BIS.  JLM, Mr. Massey, and Mr. Robertson must not maintain any copy.  But attorneys for JLM, Mr. Massey, and Mr. Robertson may retain copies for use in this litigation.

3. JLM, Mr. Massey, and Mr. Robertson must maintain for evidentiary purposes, without alteration, all electronically stored information obtained from BIS.  But JLM, Mr. Massey, and Mr. Robertson must not use the information.

4. JLM, Mr. Massey, and Mr. Robertson must not use information derived from any paper removed from the possession or control of BIS or derived from any of BIS's electronically stored information.  But this does not prevent JLM, Mr. Massey, or Mr. Robertson from using information known to Mr. Massey or Mr. Robertson—without the need to refer to any paper or electronically stored information—when they left BIS's employment.

5. This injunction binds the defendants and their officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

SO ORDERED on March 21, 2013.

                                                s/Robert L. Hinkle
                                                United States District Judge