UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BIS INDUSTRIAL SERVICES, INC.,

    Plaintiff,

vs.                                CASE NO.: 4:13-CV-00119-RH-CAS

MARK MASSEY, JOHN TODD
ROBERTSON and JLM ADVANCED
TECHNICAL SERVICES, INC.,

    Defendants.
_____/

## JLM ADVANCED TECHNICAL SERVICES ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

The Defendant, JLM Advanced Technical Services, Inc. ("JLM"), answers the respective paragraphs of the Plaintiff's Verified Complaint as follows:

    1.    Denied.

    2.    Denied.

    3.    Without knowledge.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    It is admitted that the Court has jurisdiction.

    8.    It is admitted that the Court has jurisdiction.

    9.    It is admitted that the Court has jurisdiction. The remainder of the allegation is denied.

    10.    It is admitted that venue is proper.

    11.    It is admitted that BIS provides maintenance services to industrial production facilities. The remainder of the allegation is denied.

{00020430.DOC-1}

12. Without knowledge.

13. Admitted.

14. It is admitted that the Plaintiff serviced Buckeye's pulp production operations in Perry, Florida under a contract. The remainder of the allegation is denied.

15. Admitted.

16. Admitted.

17. Without knowledge.

18. Denied.

19. It is admitted that Massey was employed as site manager. The remainder of the allegation is denied.

20. Denied.

21. Without knowledge.

22. Without knowledge.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. It is admitted that JLM offered Massey employment. The remainder of the allegation is denied.

47. It is admitted that Massey and Robertson completed JLM employment applications. The remainder of the allegation is denied.

48. It is admitted that Robertson listed Massey as a reference. It is also admitted that Massey listed Earle Greene, Ben Crowe, and Karl Stoyer as references. The remainder of the allegation is denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. It is admitted that Buckeye's RFP included compensation and benefits information. The remainder of the allegation is denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125.   JLM responds to each allegation as stated above.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   JLM responds to each allegation as stated above.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   JLM responds to each allegation as stated above.

142.   Denied.

143.   Denied.

144.   JLM responds to each allegation as stated above.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   JLJ responds to each allegation as stated above.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

JLM denies all other allegations in the Plaintiff's Complaint that are not otherwise admitted above.

## AFFIRMATIVE DEFENSES

154.   Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Plaintiff has failed to state a claim upon which relief may be granted.

155.   Plaintiff knowingly waived its claims by allowing Massey and Robertson to remain employed after Plaintiff gained knowledge of the events alleged in the Complaint.

156.   Plaintiff should be estopped from making claims because Plaintiff allowed Massey and Robertson to remain employed after Plaintiff gained knowledge of the events alleged in the Complaint.

157.   Plaintiff unreasonably delayed in pursuing its claims after Plaintiff knew or should have known of the events alleged in the Complaint. For this reason, Plaintiff's claims are barred in whole or part by laches.

158.   Plaintiff failed to mitigate its damage by promptly responding once it knew or should have known of the events alleged in the Complaint.

159.   Plaintiff has a duty to mitigate its damages. To the extent the Plaintiff fails to mitigate its damages, the Plaintiff's claim should be set off to the extent of such failure.

160.   Restrictions on competition, including solicitation of customers and solicitation of employees, are against public policy as unlawful restraints on trade.

161. JLM has retained the undersigned attorneys and is obligated to pay them a reasonable fee. Under the statutory claims alleged in the Complaint, the Plaintiff is obligated to reimburse JLM for same.

### Demand for Jury Trial

The Defendant, JLM Advanced Technical Services, Inc., hereby demands a trial by jury for all claims so triable.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: *s/ Mark G. Alexander*
Mark G. Alexander
Florida Bar No. 0434078
E-mail: mark.alexander@adblegal.com
Michelle Bedoya Barnett
Florida Bar No. 0823201
E-mail: michelle.barnett@adblegal.com
225 Water Street, Suite 1200
Jacksonville, FL 32202
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant, JLM Advanced Technical Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was furnished to the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Robert Jacob Sniffen and Maureen M. Daughton, SNIFFEN & SPELLMAN, P.A., 123 N. Monroe Street, Tallahassee, Florida 32301; Russell F. Sizemore, Moore & Van Allen, PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003; and David D. Burns and J. Rice Ferrelle, Jr., 320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250 this 3rd day of April, 2013.

                                               *s/ Mark G. Alexander*
                                                    ATTORNEY