IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| BIS INDUSTRIAL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 4:13cv119-RH/CAS |
| MARK MASSEY, JOHN TODD ROBERTSON, and JLM ADVANCED TECHNICAL SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING CONFERENCE

In accordance with the ruling of the Court at the March 21, 2013 hearing, the parties provide the following information:

**1.** Pursuant to Fed. R. Civ. P. 26(f), the parties conferred in person through their counsel on March 21, 2013, and thereafter through the exchange of draft reports, identified as follows:

**For Plaintiff BIS Industrial Services, Inc.**

Robert J. Sniffen, Sniffen & Spellman, P.A.
Russell F. Sizemore, Moore & Van Allen, PLLC

**For Defendant JLM Advanced Technical Services, Inc.**

Mark G. Alexander and Michelle Bedoya Barnett, Alexander Degance Barnett, P.A.

**For Defendants Mark Massey and John Todd Robertson**

David D. Burns, Ferrelle Burns, P.A.

2.  **Rule 26 Disclosures.**  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(l) on or before April 26, 2013.  Reports from retained experts under Rule 26(a)(2) are due:

   a. From Plaintiff: Disclosure and Expert Reports no later than 75 Days prior to the discovery deadline; Rebuttal Reports, if any, no later than 15 days prior to the discovery deadline; and

   b. From Defendants: Disclosure and Expert Reports no later than 45 days prior to the discovery deadline.

3.  **Discovery Plan.**  The parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on the following subjects: all matters covered in section 5 below.

   b. Parties request that all discovery be commenced in time to be completed by no later than October 31, 2013.

   c. Interrogatories, requests for admissions and requests for production are to be governed as follows:

   Each party should be permitted to serve 25 interrogatories upon each opposing party as provided for by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

   d. Number of depositions:  Each side may take up to 12 depositions, excluding expert witnesses.[1]

---

[1] It is Plaintiff's position that additional depositions will be necessary if additional parties are added, but Defendants do not agree.

e. Length of Depositions:

Plaintiff's position:  No one deposition may last more than 7 hours without leave of court or stipulation of the parties; provided, however, each side may take two depositions of no more than 9 hours without leave of court.

Defendants' position:  No one deposition may last more than 7 hours, without leave of court or stipulation of the parties.  If a party believes that more than 7 hours is required for a deposition, counsel should discuss this issue in good faith and attempt to reach an agreement.  If agreement is not reached, the party requesting more time is permitted to request more time from the Court.

f. Dates for supplementations under Rule 26(e): Discovery should be supplemented as soon as reasonably possible after a party becomes aware of the need to supplement and in accordance with Rule 26(e).

g. Disclosure or discovery of electronically stored information ("ESI") shall be conducted as follows:

   1) ESI Discovery Efforts.

      a) Reasonably Accessible ESI.  Reasonably accessible sources of ESI include active and archived personal and business e-mail accounts; shared network drives; active documents; data on workstation or laptop hard drives and portable drives/media, including external hard drives, zip drives, CD/DVD Roms, and USB Flash Drives/Jump Drives.  Each party will conduct a reasonably diligent search of those reasonably accessible

sources in which it has reason to believe relevant ESI will be found. Each party shall be responsible for searching its own documents in response to discovery requests, and no party shall have the right to search any other party's documents without court order or that party's express prior written consent.

b) Not Reasonably Accessible ESI. No party will initially be required to conduct a search of ESI that is not reasonably accessible. Should a party determine that significant relevant information would be located in sources not otherwise available in reasonably accessible sources and that the search of ESI that is not reasonably accessible is not substantially outweighed by the burden and cost of review and production of ESI from these sources, the parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost. The Court shall resolve such disputes if agreement cannot be reached.

2) Filtering. In an effort to control costs and reduce the volume of ESI that is not relevant to the matter, the parties may filter ESI to identify the most likely relevant material using the following techniques:

   a) Search Techniques. The parties may use reasonable search or culling methodologies as agreed upon by the parties to filter for relevancy prior to review and production.

   b) Date Limitation.

<u>Plaintiff's position:</u>  The parties may limit the collection and review of ESI to the following date range: January 1, 2012 through the present.  Given that Buckeye's contracting process has not yet concluded and BIS and Defendants' participation in the process remains ongoing at present, in addition to the parties' obligation to timely supplement all discovery, including ESI, under Federal Rules of Civil Procedure 26(e) and 37(c), Plaintiff believes that relevant ESI will continue to be created as part of the parties' business operations and should not be subject to any arbitrary cut-off date.

<u>Defendants' position:</u>  The parties may limit the collection and review of ESI to the following date range: January 1, 2012 through the commencement of litigation on March 12, 2013.

c) Duplicates.  The parties may review and cull duplicative ESI to reduce unnecessary costs of reviewing and producing duplicative ESI.

3) Form or Forms of Production.

a) Images Only—Paper and ESI.  Documents that are stored in paper files may be produced in paper.  If paper is to be produced electronically, it will be produced in the same manner as ESI or as searchable 300 DPI PDF files.  ESI should be produced in single page, 300 DPI, Group IV .TIFF format.  This is a popular static format that allows for proper viewing,

numbering, endorsement (e.g., Bates stamping, confidential legends, etc.) and any necessary redaction, and one that will work with most common litigation software packages, which will be the most economical approach here given the number of firms involved and possible variety in software packages.

b) Images and Searchable Text. Except as noted below, all ESI will be produced in image format, adhering to the specifications noted above. To the extent practicable, and except for documents redacted for privileged information, each individual document based on an electronic file shall be accompanied by a corresponding text file with text that is extracted from the electronic file, not generated as an OCR file from the .TIFF image(s).

c) Costs of Production and Unforeseen Burdensome Production.

Plaintiff's position: ESI requests and production in this case will be routine and not more burdensome than is typical in federal commercial litigation. JLM's counsel has stated that he does not expect ESI in this case to be voluminous or extensive. Therefore, Plaintiff believes each party should bear its own expense for the production of ESI. However, in the event of an unforeseen burdensome production request, such as a request that may require the costly restoration of back-up tapes or the production of an extreme large quantity of ESI, the parties will

negotiate in good faith with regard to whether such a production is reasonably required and, if so, who should bear the cost. The Court shall resolve such disputes if agreement cannot be reached.

<u>Defendants' position:</u> The Defendant does not know how expansive the Plaintiff's discovery requests will be. It is very possible that the magnitude of Plaintiff's discovery requests could be much greater than Defendant's requests to Plaintiff. For this reason, the party requesting information should bear the cost of production.

4) Exceptions.
   a) Spreadsheets. Excel and other types of spreadsheets are often dynamic in nature and may not be conducive to static images; therefore, the parties will produce Excel and other spreadsheets as an image (with appropriate legends and document identification numbers) and, when available and requested by a party (and not redacted for privileged information), in their native form(s). The image version will be the form used as evidence. To the extent that print-outs or images of all or part of a spreadsheet were also maintained in static form (e.g., *as a* .PDF attachment or hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper or ESI.

b) Databases. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. A party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static image format. To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (e.g., as a .PDF attachment or a hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper or ESI.

5) Metadata. Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production cost-prohibitive, the production of metadata will be limited to metadata that is ordinarily visible to and relied upon by the user, such as formulas contained in Excel spreadsheets or speakers' notes contained in PowerPoint presentations. Parties may request the production of additional metadata that is not ordinarily visible and relied upon by the user upon a determination of the need for and relevance of such data. Under such circumstances, the parties will negotiate in good faith with regard to whether the production of such metadata is reasonably required and, if so, who should bear the cost,

with the Court to resolve such disputes if agreement cannot be reached.

6) Organization of Production. Images will be placed on suitable and appropriate electronic storage media and transmitted to opposing counsel. Each image will be assigned a production number. If the parties choose to produce their paper documents in electronic form and choose the PDF format, the parent and attachment relationship will be maintained either by 1) the attachment being included as part of the same .PDF file as the parent document, or 2) the attachment being produced in sequence order immediately after the parent.

7) Files Not Amenable to .TIFF Conversion and Non-Producible Files. Certain types of files, such as system, program, and sound files, will not be amenable to conversion into anything meaningful in .TIFF format. These will be produced in native format.

8) Right to Request Additional Information. The foregoing is without prejudice to the right of a requesting party to request additional searches or additional information about specific ESI. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost. The Court shall resolve such disputes if agreement cannot be reached.

h. The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

1) Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind. However, the disclosure of any particular material shall cease to be "inadvertent" if the producing party does not request the return of privileged or protected material within ten (10) days of being notified of such disclosure by the receiving party that it has received material believed to be privileged or protected;

2) The parties shall return any privileged material inadvertently disclosed immediately upon notice of the inadvertent disclosure;

3) No copies will be made of any inadvertently disclosed materials and any copies of inadvertently disclosed materials made before a party's notification of an inadvertent disclosure will be destroyed at the time of the request for the return of such materials.

**4. Other Items.**

a. The parties do not request a conference with the Court before entry of the Scheduling Order;

b. The parties request a Pretrial Conference after January 15, 2014;

c. The parties should be allowed until July 29, 2013, to join additional parties and to amend the pleadings.

d. All potentially dispositive motions should be filed twenty (20) days after the close of discovery. Responding party shall have twenty-one (21) days after the motion is filed to serve his/its response. The moving party shall file a

reply memorandum within seven days after the opposing memorandum is filed, without a three-day extension so long as the opposing memorandum is filed via the Court's CM/ECF electronic filing system.

e. Settlement may be enhanced by the use of the following alternative dispute resolution procedures: mediation, and may be attempted by the parties after substantial completion of discovery, or by Court Order after the close of discovery; provided, however, that nothing shall prevent the parties from agreeing to an earlier date. Settlement seems unlikely at this time.

f. Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

g. Parties should have until a date set by the Court after service of witness and exhibit lists to make objections under Rule 26(a)(3).

h. The case should be ready for jury trial by February 10, 2014. At this time, the jury trial is expected to take approximately ten (10) trial days.

i. Protection of Confidential and/or Sensitive Information. The parties agree that the information and documents sought through discovery may include information either party considers to be "Confidential" or "Attorneys' Eyes Only." The parties will negotiate in good faith to agree upon a consent protective order to be submitted to the Court to specify protections for material so designated. The Court shall resolve such disputes if agreement cannot be reached.

5. **Nature and Basis of Claims and Defenses**.

   a. <u>Plaintiff's Position</u>**:**  The Plaintiff asserts the following claims:  (1) breach of the duty of loyalty; (2) tortious interference with contract and business relations; (3) misappropriation of trade secrets; (4) violation of Florida's Deceptive and Unfair Competition Act; and (5) conspiracy.  The claims arise from the Individual Defendants' actions, in concert with the Corporate Defendant, to induce the third-party, Buckeye Florida, LLC ("Buckeye"), to cancel its contract with Plaintiff, the Individual Defendants' employer, and to issue a request for proposal of a new contract, and to direct the new contract away from Plaintiff.  The Corporate Defendant hired the Individual Defendants at higher wages and all three Defendants conspired to use BIS' confidential information and trade secrets to bid for the new contract and perform the identical work that BIS has performed at Buckeye.

   <u>Defendants' Position</u>**:**  The defendants deny the allegations.

   b. The principal factual and legal issues in dispute are:

   1) Whether the Individual Defendants breached certain obligations or duties owed to the Plaintiff;

   2) Whether the Defendants tortiously interfered with Plaintiff's contractual relations and contracts with Plaintiff's employees and Plaintiff's customer Buckeye, Inc.;

   3) <u>Plaintiff's position:</u>   Whether the Defendants misappropriated Plaintiff's confidential information and trade secrets;

<u>Defendants' position:</u>  Defendants do not agree that there is a cause of action for misappropriation of information that does not meet the definition of trade secret.

4) Whether Defendants' conduct violated Florida's Deceptive and Unfair Trade Practices Act;

5) Whether Defendants conspired to commit tortious or illegal acts against Plaintiff;

6) All other issues raised in Plaintiff's Verified Complaint and in Defendants' responsive pleadings.

**6.** The parties respectfully request that these timetables and cutoff dates be approved.

**7.** The Parties have conferred regarding the issue of magistrate judge jurisdiction.

**8.** This case will not be subject to the manual for complex litigation.

**9.** The case will be tried to a jury.

Respectfully submitted this 19th day of April, 2013.

/s/    *Russell F. Sizemore*
Russell F. Sizemore
North Carolina Bar No. 23553
E-mail: russellsizemore@mvalaw.com
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone:  (704) 331-1022
Facsimile:  (704) 378-1903

/s/    *Robert J. Sniffen*
Robert J. Sniffen
Florida Bar No. 0000795
E-mail: rsniffen@sniffenlaw.com
SNIFFEN & SPELLMAN, P.A.

123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

COUNSEL FOR BIS INDUSTRIAL SERVICES, INC.


/s/     *Mark G. Alexander*
Mark G. Alexander
Florida Bar No. 0434078
Email: mark.alexander@adblegal.com
Michelle Bedoya Barnett
Florida Bar No. 0823201
Email: michelle.barnett@adblegal.com
ALEXANDER BEGANCE BARNETT, P.A.
225 Water Street, Suite 1200
Jacksonville, Florida 32202
Telephone: (904)  345-3277
Facsimile: (904) 345-3294

COUNSEL FOR JLM ADVANCED TECHNICAL SERVICES, INC.


/s/     *David D. Burns*
David D. Burns
Florida Bar No. 878081
Email: dburns@ferrelleburnslaw.com
J. Rice Ferrelle, Jr.
Florida Bar No. 0835811
Email: rferrelle@ferrelleburnslaw.com
FERRELLE BURNS, P.A.
320 1st Street North, Suite 611
Jacksonville Beach, Florida  32250
Phone: (904) 372-4177

COUNSEL FOR MARK MASSEY AND JOHN TODD ROBERTSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2013, the foregoing **REPORT OF PARTIES' PLANNING CONFERENCE** was electronically filed in the United States District Court, Northern District of Florida, Tallahassee Division, by using the CM/ECF system which will send notification of such filing to all persons registered for this case.

/s/ Russell F. Sizemore
Russell F. Sizemore