UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILFINGER INDUSTRIAL SERVICES,
INC.,

      Plaintiff,

vs.                            CASE NO.: 4:13-CV-00119-RH-CAS

MARK MASSEY, JOHN TODD
ROBERTSON and JLM ADVANCED
TECHNICAL SERVICES, INC.,

      Defendants. _____/

### JLM ADVANCED TECHNICAL SERVICES
### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant, JLM Advanced Technical Services, Inc. ("JLM"), answers the respective paragraphs of the Plaintiff's Amended Complaint as follows:

1.      Denied.

2.      Denied.

3.      Without knowledge.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      It is admitted that the Court has jurisdiction.

8.      It is admitted that the Court has jurisdiction.

9.      It is admitted that the Court has jurisdiction.  The remainder of the allegation is denied.

10.      It is admitted that venue is proper.

11.   It is admitted that BIS provides maintenance services to industrial production facilities.  The remainder of the allegation is denied.

12.   Without knowledge.

13.   Without knowledge.

14.   Admitted.

15.   It is admitted that the Plaintiff serviced Buckeye's pulp production operations in Perry, Florida under a contract.  The remainder of the allegation is denied.

16.   Admitted.

17.   Admitted.

18.   Without knowledge.

19.   Denied.

20.   It is admitted that Massey was employed as site manager.  The remainder of the allegation is denied.

21.   Denied.

22.   Without knowledge.

23.   Without knowledge.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     It is admitted that JLM offered Massey employment.   The remainder of the allegation is denied.

48.     It is admitted that Massey and Robertson completed JLM employment applications.  The remainder of the allegation is denied.

49.     It is admitted that Robertson listed Massey as a reference.  It is also admitted that Massey listed Earle Greene, Ben Crowe, and Karl Stoyer as references.   The remainder of the allegation is denied.

50.     Denied.

51.     Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   It is admitted that Buckeye's RFP included compensation and benefits information. The remainder of the allegation is denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   JLM admits that the contract was awarded to Yates Construction.  JLM is without knowledge and therefore denies the remainder of the allegations.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   JLM responds to each allegation as stated above.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   JLM responds to each allegation as stated above.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   JLM responds to each allegation as stated above.

145.   Denied.

146.   Denied.

147.   Denied.

148.   JLM responds to each allegation as stated above.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   JLM responds to each allegation as stated above.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   JLM responds to each allegation as stated above.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

JLM denies all other allegations in the Plaintiff's Amended Complaint that are not otherwise admitted above.

## AFFIRMATIVE DEFENSES

166.     Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Plaintiff has

failed to state a claim upon which relief may be granted.

167.     Plaintiff knowingly waived its claims by allowing Massey and Robertson to

remain employed after Plaintiff gained knowledge of the events alleged in the Amended

Complaint.

168.     Plaintiff should be estopped from making claims because Plaintiff allowed

Massey and Robertson to remain employed after Plaintiff gained knowledge of the events

alleged in the Amended Complaint.

169.     Plaintiff unreasonably delayed in pursuing its claims after Plaintiff knew or

should have known of the events alleged in the Amended Complaint.  For this reason, Plaintiff's

claims are barred in whole or part by laches.

170.     Plaintiff failed to mitigate its damage by promptly responding once it knew or

should have known of the events alleged in the Amended Complaint.

171.     Plaintiff has a duty to mitigate its damages.  To the extent the Plaintiff fails to

mitigate its damages, the Plaintiff's claim should be set off to the extent of such failure.

172.     Restrictions on competition, including solicitation of customers and solicitation of

employees, are against public policy as unlawful restraints on trade.

173.     The damages complained of by Plaintiff were caused in whole or in part by non-

parties whom Plaintiff has failed to join in this action.

174.     The damages complained of by Plaintiff were caused in whole or in part by

Plaintiff's own conduct and would have occurred regardless of JLM's actions.

175.     JLM's actions were appropriate and protected by the competition privilege.

176.    Plaintiff has failed to state a claim because Plaintiff has failed to show that it suffered actual damages as a result of the actions of JLM.

177.    Plaintiff has failed to allege sufficient facts to support its claim for punitive damages against JLM because Plaintiff has failed to show that JLM acted willfully and maliciously or that Plaintiff suffered actual damages.

178.    JLM has retained the undersigned attorneys and is obligated to pay them a reasonable fee.  Under the statutory claims alleged in the Amended Complaint, the Plaintiff is obligated to reimburse JLM for same.

179.    JLM hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

## Demand for Jury Trial

The Defendant, JLM Advanced Technical Services, Inc., hereby demands a trial by jury for all claims so triable.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.


By: s/Michelle Bedoya Barnett
    Michelle Bedoya Barnett
    Florida Bar No. 0823201
    E-mail: michelle.barnett@adblegal.com
    Mark G. Alexander
    Florida Bar No. 0434078
    E-mail: mark.alexander@adblegal.com
    225 Water Street, Suite 1200
    Jacksonville, FL 32202
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile

    *Attorneys for Defendant, JLM Advanced*
    *Technical Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was furnished to the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:  Robert Jacob Sniffen and Maureen M. Daughton, SNIFFEN & SPELLMAN, P.A., 123 N. Monroe Street, Tallahassee, Florida 32301; Russell F. Sizemore, Moore & Van Allen, PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003; and David D. Burns and J. Rice Ferrelle, Jr., 320 1st Street North, Suite 611, Jacksonville Beach, Florida 32250 this 3rd day of April, 2013.

_____*s/ Michelle Bedoya Barnett*_____
ATTORNEY