UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILFINGER INDUSTRIAL SERVICES,
INC.,

    Plaintiff,

vs.                                        CASE NO.: 4:13-CV-00119-RH-CAS

MARK MASSEY, JOHN TODD
ROBERTSON and JLM ADVANCED
TECHNICAL SERVICES, INC.,

    Defendants.
_____/

**MARK MASSEY'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant Mark Massey, by and through undersigned counsel, hereby answers the Plaintiff's Amended Complaint (Doc. 48) *in seriatim*, alleges his affirmative defenses, and demands a trial by jury on all causes of action so triable and says:

1.     Denied.

2.     Denied.

3.     Without knowledge.

4.     Without knowledge.

5.     Admitted.

6.     Admitted.

7.     Admitted for jurisdictional purposes.

8.     Admitted that the Court has jurisdiction, otherwise denied.

9.     Admitted that the Court has jurisdiction, otherwise denied.

10.     Admitted that venue is proper, otherwise denied.

11.     Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Admitted.

15. Without knowledge.

16. Admitted.

17. Admitted.

18. Admitted that Massey worked at the Perry Plant from 1979 to the termination of his employment with BIS.  Without knowledge as to the specific legal relationship between BIS and any other entity that has previously contracted to provide services at the Plant.

19. Denied.

20. Admitted that Massey was employed as site manager.  The remainder of the allegation is denied as stated.

21. Denied.

22. Denied; the documents identified speak for themselves.

23. Denied; the documents identified speak for themselves.

24. Denied; the documents speak for themselves.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted that JLM offered Massey employment. The remainder of the allegation is denied.

48. Admitted that Massey and Robertson completed JLM employment applications. The remainder of the allegation is denied.

49. The documents referenced speak for themselves.

50. Denied.

51. Denied.

52. Denied.

53. The document referenced speaks for itself.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Buckeye's RFP speaks for itself; denied.

82. Buckeye's RFP speaks for itself; denied.

83. Denied.

83. Buckeye's RFP speaks for itself; denied.

84. Buckeye's RFP speaks for itself; denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Without knowledge.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Admitted that BIS employees were present at the time of Massey's termination.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## COUNT I: BREACH OF DUTY OF LOYALTY

126. Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-125 above.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied

## COUNT II: TORTIOUS INTERFERENCE
## WITH CONTRACT AND BUSINESS RELATIONS

138. Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-137 above.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied

## COUNT III: MISAPPROPRIATION OF TRADE SECRETS

144. Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-143 above.

145. Denied.

146. Denied.

147. Denied.

## COUNT IV: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR COMPETITION ACT

148. Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-147 above.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## COUNT V: COMMERCIAL DEFAMATION

154. Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-153 above.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

**COUNT VI: CONSPIRACY**

160.   Massey realleges and reincorporates his responses to each allegation as set forth in paragraphs 1-159 above.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

Massey denies all other allegations in the Plaintiff's Complaint that are not otherwise admitted above, and specifically rejects the Plaintiff's entitlement to all relief requested in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1.   **Failure to State a Claim**:  Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Specifically, Plaintiff has failed to plead ultimate facts which would entitle it to relief on any of the causes of action it alleges. More specifically, with regard to its first cause of action, the actions alleged do not constitute a breach of the duty of loyalty; with regard to its second cause of action, Plaintiff fails to show causation in that the contract and relationship at issue was due to expire and terminate on the plain terms of the contract and the actions taken represent fair competition rather than unlawful conduct; with regard to the third cause of action, Plaintiff fails to properly establish that any information or documents purportedly misappropriated qualify as trade secrets or that Plaintiff took reasonable efforts to maintain its secrecy; with regard to its fourth cause of action, Plaintiff fails to allege sufficient facts to establish a claim under FDUPTA; with regard to the fifth cause of action, though Massey denies making such claims, the alleged statements attributed to Massey are, at their base, true

statements and, thus, a cause of action for defamation, as alleged, cannot stand; as to the sixth cause of action, Plaintiff's conspiracy claims requires establishing unlawful conduct and fails to state a cause of action because its first five causes of action similarly fail to state a cause of action.

    2.    **Waiver**:  By Plaintiff's own allegations, on November 28, 2012, it became aware of conduct by Massey that its representative considered "illegal," and that it knew on or before December 4, 2012 that Massey was allegedly improperly sharing BIS' confidential information with JLM.  Plaintiff, however, failed to take actions on its belief and instead waited until February 26, 2013 to terminate Massey and Robertson.  Plaintiff waived any claims against Massey and Robertson for the alleged improper conduct as a result of Plaintiff's failure to act to prevent any alleged harm, and by allowing Massey and Robertson to remain employed after Plaintiff gained knowledge of the events alleged in the Complaint.

    3.    **Estoppel**: By Plaintiff's own allegations, on November 28, 2012, it became aware of conduct by Massey that its representative considered "illegal," and that it knew on or before December 4, 2012 that Massey was allegedly improperly sharing BIS' confidential information with JLM.  Plaintiff, however, failed to take actions on its belief and instead waited until February 26, 2013 to terminate Massey and Robertson.  Plaintiff is estopped from making claims because Plaintiff allowed Massey and Robertson to remain employed after Plaintiff learned it was allegedly being harmed.

    4.    **Laches**: By Plaintiff's own allegations, on November 28, 2012, it became aware of conduct by Massey that its representative considered "illegal," and that it knew on or before December 4, 2012 that Massey was allegedly improperly sharing BIS' confidential information with JLM.  Plaintiff, however, failed to take actions on its belief and instead waited until February 26, 2013 to terminate Massey and Robertson.  Plaintiff's unreasonable delay in the face

of purported actual knowledge of improper sharing of confidential information and "illegal" acts bars Plaintiff's claims in whole or in part.

5. **Failure to Mitigate**: By Plaintiff's own allegations, on November 28, 2012, it became aware of conduct by Massey that its representative considered "illegal," and that it knew on or before December 4, 2012 that Massey was allegedly improperly sharing BIS' confidential information with JLM.  Plaintiff, however, failed to take action on its belief to prevent the damages it now seeks to recover and instead waited until February 26, 2013 to terminate Massey and Robertson.  By allowing Massey to remain employed despite purported actual knowledge of improper sharing of confidential information, Plaintiff failed to mitigate or avoid reasonably foreseeable damages based on the allegations.  As such, Plaintiff's claims should be barred or, alternatively, Plaintiff's damages should be reduced by the amount of damages that it could have reasonably prevented.

6. **Relief Requested Violates Public Policy**: Restrictions on competition, including solicitation of customers and solicitation of employees, are against public policy as unlawful restraints on trade.

7. **Plaintiff is Not Real Party in Interest**: Upon information and belief, Plaintiff, Bilfinger Industrial Services, Inc., is not the name of the entity appearing on the current contract for maintenance at the Perry Plant.  Massey and Robertson do not know the legal or factual relationship between the Plaintiff and the party named in the contract, but if Plaintiff is not the entity on the contract, it is not the real party in interest and does not have the right to enforce that contract or to sue for the interference of that contract or relationship.

8. **Failure to Join Indispensable Party**: Buckeye Technologies, Inc. is an indispensable party and must properly be before this Court for the Court to grant the relief requested in the Complaint.

11

9. **Comparative Liability**: Any and all alleged damages claimed by Plaintiff were caused in whole or in part by Plaintiff and one or more third parties.  More particularly, Plaintiff's actions and omissions caused a third party to cancel the contract at issue.  Plaintiff now seeks to shift the blame to Defendants for its consistent actions and omissions which led to the contract cancellation.  Defendants, however, cannot properly be held responsible for Plaintiff's actions and omissions which led to the contract cancellation.

### Demand For Attorneys' Fees

Massey has retained the undersigned attorneys and is obligated to pay them a reasonable fee.  Under the statutory claims alleged in the Complaint, the Plaintiff is obligated to reimburse Massey for same.

### Demand for Jury Trial

Massey hereby demands a trial by jury for all claims so triable.

Respectfully submitted this 17th day of May, 2013.

**FERRELLE BURNS, P.A.**

By: */s/ David D. Burns*

David D. Burns
Florida Bar No. 878081
J. Rice Ferrelle, Jr.
Florida Bar No. 835811
Metropolitan Tower
320 1st Street North, Suite 611
Jacksonville Beach, FL 32250
Phone:  (904) 372-4177
Fax No.: (904) 853-6984
Email:  dburns@ferrelleburnslaw.com
          rferrelle@ferrelleburnslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was furnished to the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Robert Jacob Sniffen and Maureen M. Daughton, SNIFFEN & SPELLMAN, P.A., 123 N. Monroe Street, Tallahassee, Florida 32301; Russell F. Sizemore, MOORE & VAN ALLEN, PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202-4003; and Mark G. Alexander and Michelle B. Barnett, ALEXANDER DEGANCE BARNETT, P.A., 225 Water Street, Suite 1200, Jacksonville, Florida 32202, this 17th day of May, 2013.

                                                */s/ David D. Burns*
                                                ATTORNEY